NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1773
_____

LACEY STRADFORD; WILLIAM NETTLES;
JESSE STROUD; WILLIAM SCOTT,
on behalf of themselves and all others similarly situated,
Appellants

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-02064)
Chief District Judge:  Hon. Juan R. Sanchez

_____

Argued on September 28, 2017
_____

Before:  SMITH, *Chief Judge*, McKEE and RESTREPO, *Circuit Judges*.

(Filed: November 5, 2019)

Donald Driscoll [ARGUED]
Community Justice Project
100 Fifth Avenue
Suite 900
Pittsburgh, PA 15222

Alexandra Morgan-Kurtz
Pennsylvania Institutional Law Project
429 Forbes Avenue
Suite 800

Pittsburgh, PA 15219

Counsel for Appellants


Timothy A. Holmes
Debra S. Rand [ARGUED]
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050


Counsel for Appellee

_____

OPINION[*]
_____


RESTREPO, *Circuit Judge*.

Plaintiffs are challenging a Pennsylvania Department of Corrections ("DOC") policy regarding the timing of halfway house placement for individuals with a sex offense classification who have been granted parole. When the Complaint was filed, Plaintiffs claimed that the DOC policy violated their equal protection rights because it prohibited their placement in halfway houses until two years before their maximum sentence date, a restriction that did not apply to other prisoners. *Stradford v. Wetzel*, No. 16-2064, 2017 WL 1196656, at *1 (E.D. Pa. March 31, 2017). The District Court granted Defendant's motion to dismiss with prejudice, and without leave to amend,

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

concluding that "any attempt of Plaintiffs to cure their equal protection claim would be futile, as Defendant has a rational basis for the policy at issue." *Id.* at *4.

Plaintiffs appealed this Judgment. After we heard argument, the DOC changed the policy at issue. Individuals with a sex offense classification who have been granted parole are now eligible to live in a DOC-operated halfway house at the time of referral. As a result, Defendant filed a motion to dismiss the appeal as moot, which Plaintiffs opposed. We vacated the Judgment and ordered a limited remand to the District Court with instructions to develop the factual record as necessary, to determine whether the case is moot, and to enter an appropriate order. We retained jurisdiction over the appeal pending the District Court's disposition of the limited remand. *See Forbes v. Twp. of Lower Merion*, 313 F.3d 144, 151 (3d Cir. 2002).

The District Court permitted limited discovery, briefing, and argument on the mootness question. Plaintiffs claim that even under the new DOC policy they are still facing delays in halfway house placement that individuals who do not have a sex offense classification do not face. The District Court found that the change in the DOC policy did not moot Plaintiffs' claim based on evidence that suggested only individuals with sex offense classifications who have been granted parole are first sent to Progress Community Corrections Center ("CCC") before being placed in a less secure DOC-operated halfway house. Following the District Court's Order, we issued an Order for supplemental briefing to address the ruling that the case is not moot.

We agree with the District Court's conclusion that the matter is not moot. However, our review on appeal is limited to the claims raised in the Complaint. Plaintiffs

3

current claim is that the initial parole of sex offenders to Progress CCC (a secure CCC) prior to release to a less secure CCC is an unconstitutional delay. This claim was not plead, and the District Court therefore did not consider whether it has a rational basis. *See In re City of Phila. Litig.*, 158 F.3d 723 (3d Cir. 1998) (noting the "well established principle that it is inappropriate for an appellate court to consider a contention raised on appeal that was not initially presented to the district court"). Given the change in Defendant's policy, it is apparent that amendment of the Complaint would not be futile. Leave to amend ordinarily should be granted where amendment would not be futile. *See, e.g.*, *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434-35 (3d Cir. 1997). Therefore, we remand for the District Court to grant Plaintiffs leave to amend their Complaint to include their "Progress CCC" claim.[1]

---

[1] Nothing in this Opinion should be read to limit the District Court's discretion as to whether any further discovery is necessary.